**EXHIBIT C**

E-Filed for Record
10/2/2020 5:32 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Alicia Garcia

CAUSE NUMBER 20-412-D

| | | |
|---|---|---|
| AMY UTTERBACK, <br> Plaintiff, | § § § | IN THE DISTRICT COURT |
| VS. | § § | 105TH JUDICIAL DISTRICT |
| ROBERT ALLEN CLINE and <br> INDEPENDENT OPERATORS LLC, <br> Defendants. | § § § § | KLEBERG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AMY UTTERBACK** Plaintiff with social security #: \*\*\*-\*\*-\*094 and TX DL: \*\*\*\*\*734, and complains of **ROBERT ALLEN CLINE** and **INDEPENDENT OPERATORS LLC**, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I. PARTIES AND DISCOVERY CONTROL PLAN

Plaintiff **AMY UTTERBACK**, is an individual residing in Kleberg County, Texas. Plaintiff intends that discovery be conducted under Level 2 of Rule 190.3 Texas Rules of Civil Procedure.

Defendant, **ROBERT ALLEN CLINE**, is an individual residing in Todd County and may be served with process at 220 4th St NW, Bertha, Minnesota 56437.

Defendant, **INDEPENDENT OPERATORS LLC**, is a Minnesota corporation doing business in and around Kleberg County, Texas. It does not maintain a registered agent in the State of Texas and may be served with process via the Texas Secretary of State at its home office: 216 Cherry St. NE, Bertha, Minnesota 56437.

## II.  JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants, **ROBERT ALLEN CLINE** (a Minnesota resident) committed a tort in Riviera, Kleberg County and Defendant **INDEPENDENT OPERATORS LLC**, conducts business in and around Houston, Harris County, Texas.

Venue in Kleberg County is proper in this case under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

Pursuant to TEX. R. CIV. P. 47(c)(4), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## III.  FACTS

On October 5, 2018, at approximately 7:50 AM, Plaintiff, **AMY UTTERBACK**, was traveling north bound on U.S. Highway 77, in a 2012 Toyota Tundra. Defendant, **ROBERT ALLEN CLINE**, driving in a 2013 International Prostar, failed to yield the right of way to oncoming traffic while exiting a private driveway. Such failure caused Plaintiff's vehicle to collide with the Defendant. The Defendant received a citation for failure to yield right of way while turning left. The vehicle driven by Defendant **ROBERT ALLEN CLINE** is owned/leased by Defendant **INDEPENDENT OPERATORS LLC**. Upon information and belief, Defendant **ROBERT ALLEN CLINE** is an employee (or legal agent) of Defendant **INDEPENDENT OPERATORS LLC**.

## IV.  CAUSE(S) OF ACTION: NEGLIGENCE/NEGLIGENCE PER SE

The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant

**ROBERT ALLEN CLINE.** Defendant operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

a. Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

b. Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances and under the same or similar road and weather conditions;

c. Failing to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

d. Failing to turn the vehicle in a manner so as to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances;

e. Failing to operate the vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances; and

f. Failing to abide by, and to adhere to, applicable traffic laws, such as a person of ordinary care would have done under the same or similar circumstances.

By reason of all of the above, the Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which they now sue.

In addition to Defendant's common-law duties, Defendant **ROBERT ALLEN CLINE** also violated various sections of the TEXAS TRANSPORTATION CODE:

§ 545.401   Reckless driving;

§ 545. 155   Failure to yield right-of-way when exiting a private driveway; and

§ 545. 256   Failure to yield right-of-way to approaching vehicle while emerging from a driveway.

The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant **INDEPENDENT OPERATORS LLC**, in one or more of the following respects:

a. Failure to use that degree of care as a person of ordinary, reasonable prudence would have used under similar circumstances;

b. Failure to ensure the ability of its driver to properly and safely operate its vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

c. Failure to properly supervise the driver of its vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances.

## V.     RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

Upon information and belief, at all times relevant, **ROBERT ALLEN CLINE** was operating his vehicle while in the course of and scope of his employment and/or agency with Defendant **INDEPENDENT OPERATORS LLC**. As a consequence, Defendant **INDEPENDENT OPERATORS LLC**, is vicariously liable for the damages caused by the negligent act of its employee.

## VI.     DAMAGES

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **AMY UTTERBACK** suffered severe bodily injury. The injuries were substantial in nature and have had a serious effect on Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition(s) to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

As a further result of all of the above, the Plaintiff has incurred expenses for medical care

and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

## VII. REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are hereby requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2(a) through (l). Plaintiff further requests the Defendants to answer and respond to Plaintiff's First Set of Interrogatories to Defendant **ROBERT ALLEN CLINE** and Plaintiff's First Request for Production to Defendant **ROBERT ALLEN CLINE**, attached.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury and tender payment this date of filing.

## IX. DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorneys' designated e-Service email address for all eserved documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Eservice@thevulawfirm.com. This is the undersigned only e-Service email address, and service through any other email address will be considered invalid.

## X. PRAYER

**FOR THESE REASONS**, Plaintiff request that the Defendants **ROBERT ALLEN CLINE and INDEPENDENT OPERATORS LLC**, be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law

and equity, including, but not limited to:

a. Pain and suffering in the past;
b. Pain and suffering in the future;
c. Mental anguish in the past;
d. Mental anguish in the future;
e. Past medical expenses;
f. Future medical expenses which are unknown at this time;
g. Physical impairment in the past;
h. Physical impairment in the future;
i. Pre judgment interest; and
j. Post judgment interest.

RESPECTFULLY SUBMITTED,

**VU LAW FIRM, PLLC**
6001 Savoy Drive, Suite 105
Houston, TX 77036
Tel: (832) 564-3529
Fax: (832) 201-8777

BY: _____
Vincent T. Vu
State Bar No. 24072408
vincent@thevulawfirm.com

Brett Arnold
State Bar No. 03140100
brett@thevulawfirm.com
e-Service email:
Eservice@thevulawfirm.com
*E-Service is only accepted at
the above designated e- Service
email address.